IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FREDERIQUE YVES § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CIVIL ACTION NO.: 6:22-cv-861 |
| § | |
| SAFECO INSURANCE COMPANY § | |
| OF INDIANA § | |
| § | |
| **Defendant** § | |

### PLAINTIFF'S MOTION FOR REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Frederique Yves ("Plaintiff") hereby files this Motion for Remand on the basis that Defendant, Safeco Insurance Company of Indiana ("Safeco") has not met its burden of proving, by a preponderance of the evidence, that the amount in controversy was met at the time of removal. Because this minimum amount in controversy is not met, there is no proper basis for removal, and this lawsuit must be remanded. In support thereof, Plaintiff would respectfully show the court as follows:

### I.

### FACTS

1. Plaintiff filed suit in the State Court Case on June 30, 2022, as the result of disputes regarding a claim made under his property insurance policy. Plaintiff alleges that Safeco breached its contract of insurance with Plaintiff when it denied Plaintiff's claim for damages to a rental home owned by him and insured by Safeco. Plaintiff's Original Petition (the "Petition") at ¶ 11. Plaintiff alleged that the damage was caused by vandalism, which is covered, and Safeco denied

the claim on the grounds that the damage resulted from wear and tear, which is excluded. Petition at ¶¶ 11-15. In addition to breach of contract, Plaintiff claims that the denial of the claim has "led to damage beyond the terms of the underlying insurance policy, including loss of rental income, damages caused by the delay in payment by Defendant: mental anguish, loss of business reputation, increased business costs, and other such damages." Petition at ¶19. Finally, Plaintiff alleges common law fraud. Petition at ¶21. Plaintiff seeks economic and actual damages as well as exemplary damages based on the allegation that Safeco acted "knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching Defendant at the expense of Plaintiff." Petition at ¶¶23-24. Most notably, in the Prayer of his Petition, Plaintiff claims that his *economic and actual damages should be limited to an amount below $75,000.* As stipulated below, Plaintiff's lawsuit does not seek damages of any type in excess of $75,000 and Safeco has no basis upon which to assert that the amount in controversy is or will be in excess of $75,000.

2.  In his Original Petition, Plaintiff affirmatively claims that he is limiting actual and economic damages to an amount less than $75,000. While punitive damages are sought, there is no specific amount pled. Likewise, in the demand letter sent to Safeco on April 5, 2022, there is no mention of a claim for punitive damages, but only for attorney's fees and costs. (Ex. 1).

### III.

### BURDEN OF PROOF

3.  Defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882-83 (5th Cir. 2000). If the state court petition does not ask for a sum certain, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the

requisite amount." Id.  Defendant has not provided sufficient evidence to meet its burden of proof on this issue.

## II.

## STIPULATION OF LIMIT ON AMOUNT IN CONTROVERSY

4. A plaintiff may elect to stipulate that it will not accept a recovery of $75,000, or more, in order to defeat jurisdiction – limiting the amount that could at most be recovered.  Such a stipulation is not necessary and a failure to enter into such a stipulation, standing alone, "will not defeat a plaintiff's motion to remand." *Gulf Coast Envtl. Sys., LLC v. TKS Control Sys., Inc.,* No. CIV.A. H-08-1080, 2008 WL 2704766, at *4 (S.D. Tex. July 7, 2008) (unpubl.).

5. For purposes of clarity with regard to the basis of this motion and for all other purposes related to or arising from this litigation, Plaintiff hereby agrees to enter into a binding stipulation that Plaintiff will not accept a recovery of $75,000 or more in this litigation which may be awarded under any legal theory of recovery pled including punitive damages and/or attorney's fees, but exclusive of interest and costs as set forth in the calculation of "amount in controversy" at 28 U.S.C. § 1332(a).

## III.

## IMPROPRIETY OF ESTIMATING ATTORNEY'S FEES FOR PURPOSES OF CALCULATING AMOUNT IN CONTROVERSY

6. Because Plaintiff has included attorney's fees in its agreement to stipulate as to a limitation on the amount in controversy, the estimation of such fees should not be included in the amount in controversy without some evidence to support them.  If the Plaintiff seeks the recovery of attorney's fees under a state statute, which permits such recovery, those fees should be included in the calculation of the amount in controversy. *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002).  The Court, however, "cannot simply guesstimate their amount and add them to the

other damages to arrive at the amount in controversy. Some kind of allegation or proof of the amount of [attorney's] fees incurred is needed." *Mintzer v. Lester*, 51 F. App'x 929 (5th Cir. 2002) (unpubl.).

7. This is not a case where the attorney's fees will obviously and facially exceed $75,000. See *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002) (in a class action case where the attorney's fees of the entire class were aggregated, it was facially apparent that the amount in controversy would be met); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (in a case involving three defendants, 512 plaintiffs and a "wide variety of harm allegedly caused by wanton and reckless conduct" it was "common sense" that the amount in controversy was met). Those type of facts – where the amount in controversy would obviously be met – are not present in this case. Instead, the Court is confronted with a single property damage claim of $27,000 for damage to a single residence.

8. It is Safeco's burden to establish by a preponderance of the evidence that the claims in this case meet or exceed $75,000. *Manguno,* 276 F.3d at 723. In this case, there have been insufficient facts pled to support such a finding. *Gebbia*, 233 F.3d at 882-83 (noting that the defendant may use summary judgment-style evidence to prove the amount in controversy). In the instant case, the attorney's fees may – or may not – be sufficient to meet the amount in controversy. That ambiguity, however, is fatal to federal jurisdiction. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Given this edict, the Court should hold that any ambiguities in the amount of attorney's fees should be construed in favor of remanding the case.

## CONCLUSION

Because Safeco has offered insufficient evidence to establish by a preponderance of the evidence that the claims in the case meet or exceed $75,000 and because Plaintiff has affirmatively agreed to stipulate to a limitation on any recovery under any legal theory, award of punitive damages and/or attorney's fees, this case falls outside the minimum jurisdictional amount in controversy for Federal courts and is ripe for remand.

## PRAYER

For the reasons stated herein, Plaintiff prays that the Court enter an order granting this Motion, remanding this case back to state court, and granting Plaintiff all further relief in law and in equity to Plaintiff is entitled.

Respectfully submitted,

The Law Offices of Alex R. Hernandez, Jr., PLLC
501 Congress Ave., Suite 150
Austin, Texas 78701
Telephone: (888) 907-8994
Facsimile: (888) 278-9044

*/s/ Alex R. Hernandez, Jr. /s/*
Alex R. Hernandez, Jr., Attorney in Charge
SBN: 24032411
Firm Email: arh@alexhernandezcase.com

*/s/ R. Scott Peden /s/*
**R. Scott Peden**, Of Counsel Attorney to
The Law Offices of Alex R. Hernandez, Jr., PLLC
SBN: 15714020
Direct Telephone: (254) 227-5354
Attorney's Email: s.peden@alexhernandezcase.com

**\*When emailing or serving the firm, please include both the firm email and the lead attorney.**

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

On September 19, 20220, the undersigned electronically submitted the foregoing through the Court's CM/ECF electronic filing system. I hereby certify that I have served all counsel of record electronically or by another manner as authorized by the Federal Rules of Civil Procedure.

*/s/ Alex R. Hernandez, Jr. /s/*
Alex R. Hernandez, Jr.

A|R|H
—THE LAW OFFICES OF—
ALEX R. HERNANDEZ, JR. PLLC

April 5, 2022

*Via Regular and Certified Mail*

Safeco Insurance Company of Indiana
Attn: Alysa White/Claims
P.O. Box 5014
Scranton, Pennsylvania 18505-5014

   Claim Number:  048495889-01
   Date of Incident  02/13/2022
   Insured     Yves Frederique
   Policy Number  OY7912423
   Loss Location   1605 Herndon Dr, Killeen, Texas 76543-5249

Dear Alysa White:

  Our firm represents Frederique Yves in regard to the above-referenced claim number. Please kindly direct all future correspondence to our office and do not contact our client directly.

  We are in receipt of your response letter, dated March 8, 2022, wherein Safeco Insurance Company of Indiana rejected Mr. Yves vandalism/malicious mischief claim on the grounds that the damage was "wear and tear of hard living, not the sudden malicious intent of vandalism."

  Such a conclusion is without a legal or factual basis, and directly contradicts the legal definition of wear and tear as set forth in Texas Property Code Section 92.001(4) set forth below:

> (4) "Normal wear and tear" means deterioration that results from the intended use of a dwelling, including, for the purposes of Subchapters B and D, breakage or malfunction due to age or deteriorated condition, but the term does not include deterioration that results from negligence, carelessness, accident, or abuse of the premises, equipment, or chattels by the tenant, by a member of the tenant's household, or by a guest or invitee of the tenant.

  The photographs that Mr. Yves provided as part of his claim showed multiple walls bashed in with holes, extensive damage to door frames, cabinetry destroyed in the bathroom, drywall pieces missing, a range top oven appliance destroyed and left outside the house in the elements;

The Law Offices of Alex R. Hernandez, Jr.
100 Congress Ave., Ste. 2000
Austin, Texas 78701
Phone: 855-ALEXLAW
(855-253-9529)
Fax: 888-278-9044
alexhernandezlaw.com

DALLAS/FORT WORTH   SAN ANTONIO   HOUSTON   AUSTIN   CORPUS CHRISTI   RIO GRANDE VALLEY   VICTORIA   PORT LAVACA

along with numerous other instances of destruction. In short, this destruction is not wear and tear, but the result of "negligence, carelessness, accident, or abuse of the premises equipment or chattels," that the Texas Property Code excludes from being classified as normal wear and tear.

Mr Yves has had his Property examined and the estimates for repair are as follows:

Estimate Repair Price for 1605 Herndon Dr., Killeen, Texas 76543          $ 27, 000,00

Breakdown is as follow:

6 Rooms Repair Walls, Paint, Recarpet; Re-tile etc.
a cost $3,093.00 per Rooms

3 Bathrooms Repair, Paint, Change Cabinet, Mirror, and Tubs etc,
a cost of $ 2,000.00. per

Accordingly, because the policy covers such damages, Mr. Yves hereby reiterates his demand that Safeco honor its insurance policy and pay on the claim.

Please take note that Texas Insurance Code 542.003 prohibits unfair claim settlement practices, including but not limited to "(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear[.]" Here, a cursory examination of the photographs reveals quite clearly that the damages to the Property are not ordinary wear and tear, but "abuse of the premises."

If Mr. Yves is forced to bring suit to pursue his claim, he will also seek attorney's fees and court costs as authorized by law.

I urge you to give this your immediate attention. If you have any questions, please reach out to our office to discuss.

The Law Offices of Alex R. Hernandez, Jr.
100 Congress Ave., Ste. 2000
Austin, Texas 78701
Phone: 855-ALEXLAW
(855-253-9529)
Fax: 888-278-9044
alexhernandezlaw.com

DALLAS/FORT WORTH   SAN ANTONIO   HOUSTON   AUSTIN   CORPUS CHRISTI   RIO GRANDE VALLEY   VICTORIA   PORT LAVACA

Sincerely yours,


Robert Young Peterson,
Of Counsel

The Law Offices of Alex R. Hernandez, Jr.
100 Congress Ave., Ste. 2000
Austin, Texas 78701
Phone: 855-ALEXLAW
(855-253-9529)
Fax: 888-278-9044
alexhernandezlaw.com

DALLAS/FORT WORTH   SAN ANTONIO   HOUSTON   AUSTIN   CORPUS CHRISTI   RIO GRANDE VALLEY   VICTORIA   PORT LAVACA